PEOPLE v BUELOW

Docket No. 78-4634. Submitted September 4, 1979, at Grand Rapids.—
Decided November 20, 1979.

Stephen Buelow was convicted, on his plea of guilty, of carrying a
concealed weapon, Kalamazoo Circuit Court, Robert L. Borsos,
J. The defendant appeals, alleging that the conviction in the
state court was a violation of the constitutional prohibitions
against double jeopardy because he had previously been con-
victed in Federal court for possession of the same weapon
arising out of the same incident. *Held:*

The interests sought to be protected by both the Federal
statute and the state statute prohibiting the carrying of certain
weapons are not substantially different. The interest sought to
be protected by the state statute was adequately protected by
the prosecution in Federal court. The defendant's state court
conviction following the Federal prosecution, was, therefore, a
violation of double jeopardy.

Reversed.

CRIMINAL LAW — DOUBLE JEOPARDY — SINGLE OFFENSE — STATE AND
FEDERAL PROSECUTIONS.

The interests sought to be protected by the state statute prohibit-
ing the carrying of a concealed weapon and its Federal counter·
part are not substantially different and a Federal prosecution
under the Federal statute vindicates the state's interest in
seeking to protect the citizens of the state from the misuse of
dangerous weapons; therefore, it is a violation of the constitu-
tional prohibitions against double jeopardy for the state to
prosecute a defendant under the state statute after the defen-
dant has been subject to a Federal prosecution where both
prosecutions arise out of a single incident.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 166, 192.
Acquittal or conviction under Federal statute as bar to prosecution
under state or territorial statute based on the same act or
transaction, and vice versa. 18 ALR Fed 393.

*Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Stephen M. Wheeler,* Principal Appellate Attorney, for the people.

*DeVries & Lamb, P.C.,* for defendant on appeal.

Before: Allen, P.J., and R. B. Burns and T. M. Burns, JJ.

R. B. Burns, J. The defendant, Stephen Buelow, pled guilty to the offense of carrying a concealed weapon, MCL 750.227; MSA 28.424, was sentenced and now appeals on the ground that the state prosecution on this offense violated his rights under the double jeopardy clauses of the United States and Michigan Constitutions because he had previously been convicted in Federal court for possession of the same weapon.

On February 9, 1978, the defendant appeared at Western Michigan University, in the City of Kalamazoo, with a duffel bag. He voluntarily gave the bag to Robert Hardin, a Sergeant Major in the United States Army, and told Sergeant Hardin that there was a sawed-off shotgun in the bag. The sawed-off shotgun was seized by an officer of the Western Michigan University Police.

On March 28, 1978, the defendant was arraigned in the United States District Court for the Western District of Michigan on a charge that on February 9, 1978, in the City of Kalamazoo, defendant possessed the sawed-off shotgun which was not registered to him in violation of various sections of the United States Code.[1] The defendant pled guilty to the charge and in May, 1978, he was committed to the custody of the United States

_____
[1] 26 USC 5845(a), 5861(d), and 5871.

Attorney General for a period of six years. The Federal court recommended that the sentence run concurrently with whatever sentence the state might impose upon defendant for any other offense arising out of this incident.

Defendant filed a motion to quash the state information on the ground that he was twice being placed in jeopardy for the same offense because he was prosecuted for possession of the same weapon by both the state and Federal authorities. Defendant's motion was heard on June 12, 1978, and was denied.

On August 28, 1978, the defendant pled guilty to the charge of carrying a concealed weapon, pursuant to a plea agreement by which the prosecutor agreed to dismiss a supplemental information charging defendant as a third offender. MCL 769.11; MSA 28.1083. At the plea taking proceedings, the defendant explained that he possessed the shotgun on February 9, 1978, in an effort to dispose of the weapon by surrendering it to the ROTC department at Western Michigan University.

The defendant was sentenced in the Kalamazoo County Circuit Court to a prison term not exceeding five years nor less than three years. Defendant is currently serving his sentence at a state correctional facility.

Before us now is defendant's assertion that the state prosecution violated his right to be free from double jeopardy under both US Const, Am V and Const 1963, art 1, § 15.

Const 1963, art 1, § 15 provides in relevant part:

"No person shall be subject for the same offense to be twice put in jeopardy."

In *People v Cooper,* 398 Mich 450; 247 NW2d 866 (1976), the Michigan Supreme Court held that:

"Const 1963, art 1, § 15 prohibits a second prosecution for an offense arising out of the same criminal act unless it appears from the record that the interests of the State of Michigan and the jurisdiction which initially prosecuted are substantially different. Analysis on a case-by-case basis cannot be avoided." *Cooper,* at 461.

Several factors were deemed by the Court to be pertinent to the analysis of whether the State of Michigan had substantially different interests than those of the jurisdiction which initially had prosecuted the defendant.

"Such factors, for prosecutions arising out of the same criminal act, may include whether the maximum penalties of the statutes involved are greatly disparate, whether some reason exists why one jurisdiction cannot be entrusted to vindicate fully another jurisdiction's interests in securing a conviction, and whether the differences in the statutes are merely jurisdictional or are more substantive." Cooper, 398 Mich at 461.

The defendant in *Cooper* had been tried and acquitted in Federal court of bank robbery.[2] Thereafter, he was prosecuted and convicted in our state court on charges of bank robbery[3] and assault with intent to rob being armed,[4] arising from the same incident.[5] Both convictions were reversed by the Supreme Court as being in violation of defendant's right to be free from double jeopardy under Const

[2] 18 USC 2113.

[3] MCL 750.531; MSA 28.799.

[4] MCL 750.89; MSA 28.284.

[5] Defendant Cooper's conviction for attempted murder, MCL 750.91; MSA 28.286, which arose out of the same incident, was reversed by the Court of Appeals and was not before the Supreme Court.

1963, art 1, § 15. The Court had found that the interests sought to be protected by the state and Federal statutes were not substantially different because "[t]he laws of both jurisdictions seek to insure the safety of individuals and the protection of private property". 398 Mich at 462.

Under *Cooper,* we begin our analysis of whether the state and Federal interests in the present case are substantially different by comparing the maximum penalty which can be imposed under the relevant statutes, and in this, we find no great disparity.[6]

We turn next to a consideration of whether the Federal government can be entrusted to vindicate fully our state's interest in securing a conviction. The interest which both the state and Federal governments seek to secure is the protection of its citizens from the misuse of dangerous weapons. The state statute attempts to achieve this interest by penalizing the concealment of certain weapons; the Federal statute attempts to vindicate this interest by mandating registration of certain weapons. Both statutes are designed to control and regulate the use of firearms.

The Court recognizes that the purposes and protections of the two statutes are not identical. However, to require an identity of purpose and design would limit the scope of the Michigan Double Jeopardy Clause to cases in which the state and the Federal governments have brought identical charges. In light of the broad interpretation given to the Michgian Double Jeopardy Clause by the Supreme Court in *Cooper,* we believe that no such limitation should be put on the protections of our Double Jeopardy Clause. We consider, there-

---

[6] The maximum penalty set forth in 26 USC 5871 is 10 years and/or $10,000. The maximum penalty for violation of MCL 750.227; MSA 28.424 is 5 years or $2,500.

fore, not the narrow and specific purposes of the statutes, but rather the fact that each is a means of controlling and regulating the use of firearms, and find no reason why in this case the interests of the State of Michigan cannot be vindicated by the Federal prosecution.

We conclude that the interests sought to be protected by both the state and Federal statutes are not substantially different. Accordingly, defendant's conviction is reversed.